IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


MICHAEL MAX LANE,           )
                                             )
             Petitioner,      )        Case No. CV08-442-S-EJL
                                             )
v.                                  )        **MEMORANDUM DECISION**
                                             )        **AND ORDER**
RANDY BLADES, Warden Idaho      )
Department of Corrections;       )
LAWRENCE WASDEN, Idaho        )
Attorney General,              )
                                           )
             Respondents.    )
_____)

        Pending before the Court are Respondents' Motion for Summary Dismissal and

several Motions filed by Petitioner, including a Motion for Summary Judgment.  (Docket

Nos. 9, 10, 13 & 16.)  Petitioner has been provided with the "Notice to Pro Se Litigants of

the Summary Judgment Rule Requirements," which explains the summary judgment and

summary dismissal standards.  (Docket No. 11.)  Petitioner has failed to file a response to

the Motion for Summary Dismissal in the nine months that it has been pending; however,

the Court considers Petitioner's subsequently-filed Motion for Summary Judgment as his

argument that Respondents' Motion for Summary Dismissal should not be granted.

Accordingly, the Court shall determine the pending motions on the record before it.

        Having fully reviewed the record, including the state court record lodged by the

parties, the Court finds that the decisional process would not be significantly aided by

**MEMORANDUM DECISION AND ORDER  1**

oral argument. Therefore, the Court shall decide this matter on the written motions, briefs

and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court

enters the following Order.

## BACKGROUND

Petitioner stole a car in Nampa, drove it to McCall, and then temporarily

abandoned it in Eagle, all in approximately one week's time. (State's Lodging B-2, p. 1.)

Temporary abandonment of the vehicle in Eagle was prompted by Petitioner's realization

that officers were following him, whereupon he abandoned the car in Eagle and tried to

escape on foot. He entered a residence, and once inside, he started rummaging about the

residence, unaware that a woman inside was hiding from him, fearful for her life. He

later returned to the abandoned car, attempted to elude officers, and severely damaged the

car by driving it into a gravel pit. Officers apprehended him shortly thereafter.

Criminal charges were filed against Petitioner in the Fourth Judicial District Court

in Ada County, Idaho. He pled guilty to burglary and grand theft charges to avoid a

persistent violator charge. (See State's Lodging B-1, pp. 1-2 & B-2, p. 2.)

At sentencing, the district court found that "the possibility of rehabilitation in a 53-

year-old defendant with a history well over 30 years of criminal conduct is not very

probable." (Tr. 2/20/03, p. 50-51 & State's Lodging B-2, p. 4.) Petitioner was sentenced

to a ten-year unified term with nine years fixed for the burglary conviction, and a

fourteen-year term with eight years fixed on the grand theft conviction, with the sentences

to run consecutively.  Judgment was entered on February 20, 2003.  (State's Lodging A-2, pp. 61-64.)

After conviction, Petitioner pursued a direct appeal, challenging only his sentences.  The Idaho Court of Appeals affirmed the sentences in an unpublished opinion on January 2, 2004.  (State's Lodgings B-1 through B-5.)  Petitioner filed a petition for review before the Idaho Supreme Court, and it was denied, with the remittitur issuing on April 1, 2004 (State's Lodgings B-6 through B-9.)

Petitioner next filed a pro se post-conviction petition, alleging ineffective assistance of counsel and improper imposition of sentences.  He also filed a request for appointment of counsel, which was denied.  Petitioner filed a second motion for appointment of counsel that the state court never addressed.  Petitioner's sentencing claim was summarily dismissed, and Petitioner was permitted to proceed on the ineffective assistance of counsel claim.  (State's Lodging C-1.)

In the post-conviction action (rather than in the original criminal action), Petitioner filed a motion to withdraw his guilty plea on the basis of ineffective assistance of counsel. (State's Lodging C-1, p. 44.)  The district court denied the motion, concluding it was "inappropriate, as no determination has been made concerning the merits of the petitioner's ineffective assistance of counsel contentions." (*Id*., p. 100.)  Petitioner filed a notice of appeal and requested appointment of counsel for the appeal.  The district court denied the request for appointment of counsel, finding the appeal frivolous. (*Id*., pp. 116-17.)  Petitioner's motion to proceed in forma pauperis was denied, because the Court

**MEMORANDUM DECISION AND ORDER  3**

found that the appeal was an inappropriate interlocutory appeal, filed before completion of the entire post-conviction matter. (*Id.*, p. 130.) The appellate court dismissed the appeal because Petitioner failed to pay the transcript preparation fee.

In the post-conviction action, Petitioner moved for an evidentiary hearing on the ineffective assistance of counsel claim, and sought counsel for the third time. The district court granted the motion for appointment of counsel. Through counsel, Petitioner filed an amended post-conviction petition, raising claims of ineffective assistance of counsel. However, after Petitioner was transferred to a prison facility in Minnesota, the parties agreed to submit the case to the court on the record rather than hold an evidentiary hearing. The district court denied the petition for post-conviction relief, finding that Petitioner failed to show deficient performance of counsel and failed to provide evidence to support his conclusory allegations. (State's Lodging C-2.)

Petitioner filed an appeal of denial of his post-conviction petition, consisting of two claims: (1) that the trial court erred in not appointing post-conviction counsel for him before it dismissed his motion to withdraw his guilty plea; and (2) that trial counsel was ineffective. The Idaho Court of Appeals affirmed denial of the post-conviction petition, holding that (1) although the trial court erred in not appointing counsel, Petitioner failed to show prejudice, because counsel had been permitted to file an amended petition without any limitations; and (2) Petitioner failed to show ineffective assistance of trial counsel. (State's Lodging E-2.)

**MEMORANDUM DECISION AND ORDER  4**

Petitioner subsequently filed a petition for review before the Idaho Supreme Court, challenging only the Idaho Court of Appeals' decision that Petitioner failed to show prejudice in the trial court's failure to appoint post-conviction counsel. (State's Lodgings E-6 & E-7.) The Idaho Supreme Court denied the petition for review (State's Lodging E-8.)

## RESPONDENTS' MOTION FOR SUMMARY DISMISSAL

### A.    Standard of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[1] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id.* Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

A federal habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court. *O'Sullivan v.*

---

[1]*abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

*Boerckel*, 526 U.S. 838, 842 (1999). Unless a petitioner has exhausted his state court

remedies relative to a particular claim, a federal district court may deny the claim on its

merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b).

The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly

presented" his federal claim to the highest state court with jurisdiction to consider it, or

(2) that he did not present the claim to the highest state court, but no state court remedy is

available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88

F.3d 828, 829 (9th Cir. 1996) (citations omitted).

　　To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one

complete round of the State's established appellate review process," *O'Sullivan v.*

*Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the

alleged constitutional error at each level of appellate review, *see Baldwin v. Reese*, 541

U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted."

Procedurally defaulted claims include those within the following circumstances: (1) when

a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2)

when a petitioner has raised a claim, but has failed to fully and fairly present it as a

*federal* claim to the Idaho courts, as discussed directly above; or (3) when the Idaho

courts have rejected a claim on an independent and adequate state procedural ground.[2]

---

[2] *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial that tends to show his innocence, the Court must then determine whether, "in light of the

new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

**B.      Discussion**

In his federal Habeas Corpus Petition, Petitioner brings the following claims: (1) that his sentence constitutes a double jeopardy violation and a due process violation because he was punished for multiple counts that arose from a single course of conduct; (2) that Petitioner's appellate counsel performed ineffectively on direct appeal; (3) that Petitioner's trial counsel was ineffective by failing to subject the prosecution's case to meaningful adversarial testing by committing numerous cumulative errors and presenting no mitigating evidence at sentencing; (4) that the court imposed cruel and unusual punishment by pronouncing two fixed consecutive sentences that are grossly disproportionate to the offense committed; (5) that Petitioner was denied the right to a fair trial, namely, the right to have compulsory process for obtaining witnesses and presenting evidence in his favor, in violation of the Fifth, Sixth, and Fourteenth Amendments; and (6) that the sentencing judge erred in determining that Plaintiff could not be rehabilitated without providing Plaintiff with a mental evaluation and an expert, in violation of his rights under the Fourteenth and Eighth Amendments.

Respondents argue that Petitioner has failed to present any of these claims to the Idaho Supreme Court. In the direct appeal of his criminal claim, Petitioner argued only that the trial court abused its discretion by pronouncing excessive sentences under state law. (State's Lodgings B-1 & B-7.) The Idaho Court of Appeals did not address the sentencing claim on federal grounds. (State's Lodging B-5.) Because neither Petitioner nor the state appellate court addressed federal grounds regarding Petitioner's sentencing claims, he cannot do so for the first time on habeas corpus review.

On appeal of the district court's denial of Petitioner's motion to withdraw his guilty plea, Petitioner's appeal was dismissed for failure to pay the transcript preparation fee. (States' Lodgings D-1 through D-3.) As noted above, the state district court had denied the in forma pauperis application, finding the appeal frivolous and inappropriate as an interlocutory appeal. (State's Lodging C-1, p. 100.) Petitioner did not appeal denial of the in forma pauperis application to the Idaho appellate courts.

On appeal of the post-conviction action, Petitioner presented two issues to the Idaho Court of Appeals–failure to appoint post-conviction counsel and ineffective assistance of counsel (State's Lodging E-2). However, he presented only one issue to the Idaho Supreme Court in his petition for review: whether he was prejudiced by the failure of the district court to appoint counsel early in the post-conviction matter. (State's Lodging E-7, p. 8.)

None of the federal claims Petitioner now presents in his habeas corpus Petition were presented to the Idaho Supreme Court. As a result, the claims in his federal habeas

corpus Petition are procedurally defaulted, and Petitioner must show cause and prejudice

or actual innocence in order to proceed on the merits of his claims. Respondent has set

forth the correct standard of law for such a showing in their briefing. Petitioner has failed

to specifically make any cause and prejudice or actual innocence arguments in a response,

but he makes some relevant arguments in his Motion for Summary Judgment (Docket

No. 10), which the Court will now address.

Petitioner contends that his counsel on direct appeal performed ineffectively when

the only claim counsel raised was whether Petitioner's sentences were excessive. An

allegation of ineffective assistance of counsel will serve as cause to excuse the default of

other claims only if the ineffective assistance claim is, itself, not procedurally defaulted.

*Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). In other words, before a federal court

can consider ineffective assistance as cause to excuse the default of underlying habeas

claims, a petitioner generally must have presented the ineffective assistance claim in a

procedurally proper manner to the state courts, such as in a post-conviction relief petition.

Petitioner did not properly exhaust a claim of ineffective assistance of direct-appeal

counsel. As a result, this claim is itself procedurally defaulted and cannot serve as cause

to excuse the default of Petitioner's other federal claims. *See Edwards*, 529 U.S. at 454.

Petitioner also alleges that the default of his claims is the result of his post-

conviction counsel's performance. Petitioner does not have a federal constitutional right

to the effective assistance of counsel during state post-conviction proceedings.

*Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Bonin v. Vasquez*, 999 F.2d 425,

MEMORANDUM DECISION AND ORDER 10

430 (9th Cir. 1993). Consequently, any shortcomings of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his other federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

Upon a review of the record, the Court finds no other factual circumstances that would amount to cause and prejudice. The denial of in forma pauperis status does not amount to cause, given that Petitioner filed the motion to withdraw the guilty plea within the pending post-conviction action and then attempted to file an improper interlocutory appeal prior to the conclusion of all claims in that matter, and that he did not appeal denial of the in forma pauperis motion. Neither does the record reflect that Petitioner is actually innocent of the charges to which he pled guilty. As a result, Petitioner's claims must be dismissed because they are procedurally defaulted.

The Court alternatively denies Petitioner's Eighth Amendment cruel and unusual punishment sentencing claim on the merits. Petitioner was sentenced to a ten-year unified term with nine years fixed for the burglary conviction, and a fourteen-year term with eight years fixed on the grand theft conviction, with the sentences to run consecutively.

Petitioner was sentenced to terms that were within the limits set forth by statute. The maximum sentence for burglary is ten years, *see* Idaho Code section 18-1403, and the maximum sentence for grand theft by possession of stolen property is fourteen years. *See* Idaho Code section 18-2408(2)(a).

**MEMORANDUM DECISION AND ORDER 11**

At the time the Idaho Court of Appeals rendered its opinion, precedent from the United States Supreme Court existed that is contrary to Petitioner's argument that his sentences were constitutionally excessive. *See Hutto v. Davis*, 454 U.S. 370, 372 (1982) ("this Court has never found a sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment"); *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (affirming a Michigan court judgment sentencing the defendant to a statutory mandatory life sentence without the possibility of parole for possessing more than 650 grams of cocaine). Because Petitioner's sentence is not contrary to *Hutto* or *Harmelin*, and no other United States Supreme Court precedent supports his claim, he is not entitled to relief under §2254. In addition, the Court notes that while Petitioner received a harsh sentence for these felonies, it was still less than what he might have received had he been convicted of the persistent violator offense, which permits a life sentence. *See* Idaho Code section 19-2514. By pleading guilty, he avoided the persistent violator charge.

Based on all of the foregoing, the Court concludes that Petitioner's Petition is subject to dismissal with prejudice.

## PETITIONER'S MOTIONS

Petitioner has filed a Motion for Summary Judgment. (Docket No. 10.) Because the Court has determined that all of Petitioner's claims are procedurally defaulted and that Petitioner has not presented grounds to excuse the procedural default, his claims are

MEMORANDUM DECISION AND ORDER  12

subject to dismissal with prejudice.  Therefore, Petitioner is not entitled to summary judgment.

Petitioner has filed a Motion to Amend Petition for Writ of Habeas Corpus. (Docket No. 13.)  He does not state how he would amend the Petition to state a federal claim that has been properly exhausted.  The Court has reviewed the state court record and sees no federal claim that is properly exhausted.  It is the Court's normal practice to permit a petitioner to proceed on any properly-exhausted federal claim evident from the state court record even if it was not included in the petition.  Because no properly-exhausted federal claim appears evident from the state court record here, Petitioner's motion is denied as futile.

Petitioner has also filed Motion for Evidentiary Hearing.  (Docket No. 16.)  He requests that he be given a hearing to show that he exercised diligence and that he was not at fault for the procedural default of his claims.  However, he gives no inkling as to the nature of the facts he would present at the hearing.  Because the Court has no factual allegations before it showing that an evidentiary hearing is required, the Motion for Evidentiary Hearing is denied.

**CONSIDERATION OF CERTIFICATE OF APPEALABILITY FOR APPEAL**

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, and in the interest of conserving time and resources, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed.  28 U.S.C. §

**MEMORANDUM DECISION AND ORDER  13**

2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules

Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has

explained that, under this standard, a petitioner must show "that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to

proceed further.*" Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and

punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition

to showing that the petition "states a valid claim of the denial of a constitutional right," as

explained above, the petitioner must also show that reasonable jurists would find

debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484.

When a court has dismissed the petition or claim on the merits, the petitioner must show

that "reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Id.* at 484. The COA standard "requires an overview of the

claims in the habeas petition and a general assessment of their merits," but a court need

not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court denied Petitioner's claims on procedural grounds, and the Eighth

Amendment claim alternatively was denied on the merits. The Court finds that additional

briefing on the COA is not necessary. Having reviewed the record again, the Court

**MEMORANDUM DECISION AND ORDER  14**

concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and the merits of the claims raised in the Petition and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner may file a notice of appeal in this Court, and simultaneously file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b), **within thirty (30) days after entry of this Order**.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.  Respondents' Motion for Summary Dismissal (Docket No. 9) is GRANTED.

B.  Petitioner's Motion for Summary Judgment (Docket No. 10) is DENIED.

C.  Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (Docket No. 13) is DENIED.

D.  Petitioner's Motion for Evidentiary Hearing (Docket No. 16) is DENIED.

E.  IT IS FURTHER HEREBY ORDERED that the Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

SO ORDERED.

 DATED:  **March 3, 2010**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER  16**